UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| CHARLES CASH, JR, § | |
| § | |
| Petitioner, § | |
| § | CRIMINAL ACTION NO. C-06-283 |
| v. § | |
| § | CIVIL ACTION NO. C-07-487 |
| UNITED STATES OF AMERICA, § | |
| § | |
| Respondent. § | |

### MEMORANDUM OPINION AND ORDER

Pending before the Court is Petitioner Charles Cash, Jr.'s ("Cash") Motion to Vacate, Set Aside, or Correct a Sentence of a Person in Federal Custody Pursuant to 28 U.S.C. § 2255 (Dkt. No. 20).[1]  For the reasons set forth herein, Cash's motion is denied.

### Procedural History

On April 20, 2006, an indictment was filed against Cash charging him with possession with intent to distribute quantities of marihuana (Dkt. No. 6). In return for a plea of guilty, the Government agreed to recommend that Cash be given the maximum credit for acceptance of responsibility and a sentence of imprisonment at the lowest end of the applicable guideline range (Dkt. No. 10). Cash pleaded guilty to possession with intent to distribute 1,186 kilograms of marijuana and the Court accepted his guilty plea on May 30, 2006.  The Court sentenced Cash on August 24, 2006, and issued judgment on September 6, 2006 (Dkt. No. 16). Cash did not appeal his conviction or sentence, and his conviction thus became final on September 16, 2006. *See* FED. R. APP. P. 4(b)(1)(A)(i) (if no appeal is taken, a conviction is final ten days following the entry of the

---

[1] Citations in this order refer to Criminal Action No. C-06-283.

judgment of conviction). Cash appears to have filed the pending motion on December 16, 2007.[2] *See* Dkt. No. 20 at 8; *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998).

## One-Year Statute of Limitations

Cash's § 2255 motion is subject to the amendments to the federal habeas corpus statutes embodied in the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). *See Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (federal habeas petitions filed after the AEDPA's April 24, 1996 effective date are subject to the provisions of that statute, including the statute of limitations) (citing *Lindh v. Murphy*, 521 U.S. 320, 336 (1997)). Pursuant to the AEDPA, motions filed under § 2255 must be filed within one year of the latest of the following:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

Cash's challenge to his guilty plea and September 6, 2006 judgment is barred by the AEDPA's statute of limitations. As stated above, because Cash did not file an appeal, his conviction

---

[2] Cash's motion did not specify a date of execution. *See* Dkt. No. 20 at 6. However, Cash penned the December 16, 2007 date on the top of an attachment to his motion, which appears to be a letter to the Court, which states the following: "Enclosed for filing. Please find Mr. Cash's § 2255 Motion (Original) and two copies." Dkt. No. 20 at 8. The Court thus assumes December 16, 2007 to be the date Cash executed his motion. However, even if the Court were to adopt December 26, 2007, the date the Court received Cash's filing, as the date Cash executed his motion, it would not alter the Court's analysis or conclusion.

became final on September 16, 2006.  Applying the AEDPA's limitations period to this case reveals that Cash had until September 16, 2007 to file a § 2255 motion challenging his conviction and sentence.  Therefore, Cash's December 16, 2007 § 2255 motion was filed several months too late.

Cash's motion is thus time-barred unless he can show that the limitations period was tolled either by statute or under principles of equity. Cash neither asserts, nor can the Court otherwise identify, anything in his motion that supports extending the applicable limitations period.  Because Cash does not satisfy any of the exceptions to the AEDPA's statute of limitations, his § 2255 motion is hereby dismissed as time-barred.

### Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability" ("COA").  28 U.S.C. § 2253(c)(1)(A).  A COA "may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  "The COA determination under § 2254(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322 (2003).  Although Cash has not yet filed a notice of appeal, the Court nonetheless addresses whether he would be entitled to a COA.  *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (it is appropriate for a district court to address sua sponte the issue of whether a COA should be granted or denied).

To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the petitioner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*

3

*v. McDaniel*, 529 U.S. 473, 484 (2000).

It is unnecessary for the Court to address whether the § 2255 motion before this Court states a valid claim of the denial of a constitutional right, because Cash cannot establish the second *Slack* criteria.  That is, the Court concludes that reasonable jurists could not debate the denial of his § 2255 motion on procedural grounds.  Under the plain record of this case, Cash's motion is barred by the applicable statute of limitations.  Accordingly, Cash is not entitled to a COA.

## Conclusion

For the foregoing reasons, Cash's Motion to Vacate, Set Aside, or Correct a Sentence of a Person in Federal Custody Pursuant to 28 U.S.C. § 2255 (Dkt. No. 20) is DENIED.  The Court also DENIES Cash a Certificate of Appealability.

It is so **ORDERED**.

Signed this 10th day of April, 2008.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE